**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| TRI-STATE HOSPITAL SUPPLY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 00-1463 (HHK/JMF) |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION**

This case was referred to me for resolution of all non-dispositive motions by Judge Kennedy. Currently before me is the document at issue in <u>Plaintiff Tri- State Hospital Supply Corporation's Motion to Compel a Complete Response to Plaintiff's Third Request for Production of Documents</u>. For reasons stated herein, the motion to compel the document will be denied.

**BACKGROUND**

Tri-State Hospital Supply Corporation ("Tri-State") is a corporation that sells hospital supplies in the United States. In the 1990s, the United States Customs and Border Protection ("Customs")[1] investigated Tri-State, civilly and criminally, for allegedly falsifying forms submitted to Customs relating to Tri-State's importation of surgical equipment from suppliers in Pakistan. Tri-State had received rebates on those purchases, but in reporting its receipts of those purchases to Customs, Tri-State declared

---

[1] The United States Customs and Border Protection is the agency previously known as the United States Customs Service.

the price reflected on the purchase invoices, not the price it paid after taking the rebates into account.

Following its investigation, Customs issued civil penalty notices against Tri-State and referred the matter to the Department of Justice ("DOJ") for collection. In 1996, DOJ brought a collection suit against Tri-State in the United States Court of International Trade, alleging fraud, negligence, and gross negligence. The fraud count was dropped by DOJ during trial; the gross negligence count was dismissed pursuant to Tri-State's motion for judgment as a matter of law; and the ordinary negligence count went to the jury, which returned a verdict in Tri-State's favor. Subsequently, Tri-State filed the present civil action against the government, alleging abuse of process and malicious prosecution.

## PLAINTIFF'S MOTION TO COMPEL

Tri-State served on the government its Third Request for Production of Documents in October 2005, in which Tri-State requested personnel documents relating to Customs Special Agent Jennifer Gibbs. <u>Plaintiff Tri-State Hospital Supply Corporation's Memorandum in Support of its Motion to Compel a Complete Response to Plaintiff's Third Request for Production of Documents</u> ("Pls. Mem.") at 3. Tri-State sought information relating to Ms. Gibbs as a result of her recanting deposition testimony that the government was aware of Tri-State's alleged misconduct by 1991, which would have barred most of the government's claims due to the statute of limitations. <u>Id.</u> at 2. Ms. Gibbs recanted that portion of her deposition testimony once Tri-State moved for summary judgment because, Tri-State alleges, a Customs attorney told her the earlier testimony jeopardized some of the government's claims against Tri-State. <u>Id.</u>

2

The current discovery dispute ultimately focused on a single document, the "Report of Investigation" (the "Report") into the "alleged misconduct by Jennifer Gibbs-Crandall during off-duty hours." Id. at 3. The government withheld the production of this report under a claim of the law enforcement investigatory privilege. Id. The "alleged misconduct" refers to an Alford plea of guilty that Ms. Gibbs entered in General District Court, Fairfax County, on April 25, 2005, for obtaining money under false pretenses. Id. at 2; see also Tri-State Hosp. Supply Corp. v. United States, 238 F.R.D. 102, 106 (D.D.C. 2006). Following entry of the plea, the Immigration and Customs Enforcement Office of Professional Responsibility conducted an investigation, documented in the Report, to determine what action, if any, the agency should take in response to Gibbs's conviction. See Defendant United States' Opposition to Plaintiff's Motion to Compel Draft Report of Investigation at 2. Tri-State argues the Report could include evidence of Ms. Gibbs's dishonesty to supports its claim that her recantation of deposition testimony was disingenuous and would allow Tri-State "a more thorough evaluation of her credibility." Pls. Mem. at 7.

In a Memorandum Opinion, I ordered the Report submitted to chambers for an *in camera* review to aid the Court's decision on plaintiff's motion to compel. Tri-State Hosp. Supply Corp., 238 F.R.D. at 107. I have now completed review of the Report and further deny the motion to compel the Report.

**ANALYSIS**

One element of Tri-State's claims for abuse of process and malicious prosecution is that Agent Gibbs lied in recanting her deposition testimony for the purpose of thwarting Tri-State's statute of limitations defense. Pls. Mem. at 2. Tri-State argues the

3

Report is relevant to this claim for the purpose of "evaluating Gibbs's character and credibility." Id. at 3. Whether information sought in discovery is relevant to a claim or defense is a function of its admissibility. Fed. R. Civ. P. 26(b)(1). The information sought must be relevant to the claim or defense or, upon a showing of good cause, to the subject matter of the action. Id. If the information is itself not admissible, it must be reasonably calculated to lead to admissible evidence. Id. Thus, the information in the Report must be admissible or reasonably calculated to lead to admissible evidence in accordance with the Federal Rules of Evidence.

As stated in my prior Memorandum Opinion, cross examination at trial may never degenerate into an exploration of the witness's character to support the inference that, because a witness committed a prior bad act, it is more likely than not that she committed another bad act. Fed. R. Evid. 404(a). Thus, Tri-State can never argue that because Agent Gibbs stole merchandise or money it is more likely than not that she perjured herself to save the government's case. That is the precise inference that the finder of fact may never draw. Instead, as I stated in my earlier opinion, the Federal Rules of Evidence

> limit the circumstances under which the cross-examiner can impeach the credibility of a witness with a prior bad act. First, the cross-examiner may inquire whether the witness has been convicted of a crime "if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonest or false statement by the witness." Fed. R. Evid. 609(a)(2).[2] Second, the cross-examiner may inquire into specific instances of the witness's misconduct, if probative of the witness's character for untruthfulness, but inquiry is limited to the witness's answer; the cross-examiner cannot attempt to prove the specific instance of misconduct with extrinsic evidence. Fed. R. Evid. 608(b).

Tri-State Hosp. Supply Corp., 238 F.R.D. at 107 (original footnote omitted).

---

[2] Note had Agent Gibbs been convicted of a felony, the crime need not involve dishonesty or false statement. Fed. R. Evid. 609(a)(1).

Tri-State's motion is an effort "to obtain full information concerning Gibbs's character, credibility, and conduct as a Customs Special Agent," Pls. Mem. at 3 is a misguided attempt to do what it cannot do, use her character as the premise of an argument that since she is the kind of person who steals she is the kind of person who lies. In seeking discovery of the Report, Tri-State would be limited to using the Report to elicit on cross-examination whether Ms. Gibbs has been convicted of a crime involving dishonesty and any additional specific instances of misconduct that are specifically probative of her character for truthfulness.

A.   Admissibility of the Details of Prior Convictions Under Rule 609(a)(2)

Tri-State has all of the information necessary to impeach Ms. Gibbs with her conviction since Tri-State knows the crime to which Ms. Gibbs pleaded guilty and that it involved a false statement. See Fed. R. Evid. 609(a)(2). However, dictum in this Circuit suggests the district judge has discretion, under certain circumstances, to permit greater inquiry into details surrounding the conviction than the mere fact of conviction alone. United States v. Baylor, 97 F.3d 542, 544-45 (D.C. Cir. 1997) ("Courts have recognized, however, that under certain circumstances details concerning a conviction may be elicited, and the district court's determination as the nature and extent of the inquiry is reviewed for abuse of discretion."). Thus, it initially appeared an *in camera* review of the Report was appropriate in this case to determine whether any of the documents contained in the Report fall within Judge Kennedy's discretion to allow Tri-State further examination into the details of Ms. Gibbs's conviction.

Under Federal Rule of Evidence 609(a), impeachment of a witness with a prior conviction is "usually limited to the essential facts of the conviction rather than the

5

surrounding details of the conviction." Id.  But a consensus has emerged among courts that a greater inquiry into the essential facts surrounding the conviction is permitted where the witness opened the door to additional inquiry by attempting to "explain away" the conviction or minimize its significance.  See United States v. Swanson, 9 F.3d 1354, 1358 (8th Cir. 1993) (permitting cross-examination into details of defendant's guilty plea where he testified as to the detailed circumstances on direct); United States v. Robinson, 8 F.3d 398, 410 (7th Cir. 1993) (allowing prosecutors to delve into details of a conviction only after defendants do "much more" than admit having a prior conviction); United States v. Butler, 924 F.2d 1124, 1131 (D.C. Cir. 1991) (allowing prosecutor to impeach defendant's attempts on direct examination to minimize his prior conviction).  As Ms. Gibbs has not yet testified in this case, it is impossible to find that any part of the Report is either admissible or likely to lead to admissible evidence.  Furthermore, I cannot, at this point, engage in speculation as to what Agent Gibbs may say, if anything, to open any door.  I can say that if she admits her conviction unequivocally, inquiry into the circumstances of her conviction is impermissible.

B.      Admissibility of Prior Bad Acts Under Rule 608(b)

Tri-State also requests production of the Report as it "may disclose other examples of misconduct," such as "whether [Ms. Gibbs] acted dishonestly in cases she investigated" or "other crimes Gibbs may have committed that have previously been unknown to the public." Pls. Mem. at 7.  The Federal Rules of Evidence only allow evidence of additional bad acts to be admitted if the acts relate to the witness's truth-telling capacity.  Fed. R. Evid. 608(b).  The Rule states:

> Specific instances of the conduct of a witness, for the purpose of attacking
> or supporting the witness' character for truthfulness, other than conviction

6

>of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness . . .

Fed. R. Evid. 608(b). Evidence of prior bad acts has been recognized as so prejudicial that it should only be admitted when clearly probative of a witness's credibility. Hemphill v. Washington Metro. Area Transit Auth., 982 F.2d 572, 574 (D.C. Cir. 1993).

Therefore, I must evaluate the documents in the Report for any prior bad acts that may be probative of truthfulness or untruthfulness about which plaintiffs may wish to direct cross-examination questions.  As I find no specific instance detailed in the Report of additional behavior of Ms. Gibbs indicative of her character for truthfulness, I will deny discovery of the Report itself.  Though I will not allow discovery of the Report, I will advise plaintiffs that the government's investigation included inquiries into alleged misuse of Ms. Gibbs's government vehicle and government identification when engaging in the behavior that led to her conviction.  It appears, however, that the agency never pursued either contention as a ground for disciplinary action against Ms. Gibbs.  Thus, at most, Judge Kennedy may permit inquiry into whether Agent Gibbs misused a government vehicle or her identification if he finds that those acts bear on truthfulness.  However he rules, extrinsic evidence of Agent Gibbs' commission of these acts is barred and the cross examiner is stopped by the witness's answer.  Fed. R. Evid. 608(b).  Now that plaintiffs have a basis to make the inquiry, the rest of the Report, insofar as it bears on the manner or means of committing these alleged "bad acts," is inadmissible and not discoverable.

**CONCLUSION**

Following the Court's review of the documents submitted *in camera* pursuant to Tri-State Hosp. Supply Corp. v. United States, 238 F.RD. 102, 107 (D.D.C. 2006), I find no reason to disclose the Report to plaintiff and thereby further deny plaintiff's motion to compel.  An Order accompanies this Memorandum Opinion.

                                                                     _____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: